# United States District Court, Northern District

**12CV5332**
**Judge Harry D. Leinenweber**
**Mag. Judge Arlander Keys**

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7883 | **DATE** | 7/5/2012 |
| **CASE TITLE** | DOVGIN et al. v. McDONALD'S CORPORATION et al. | | |

## DOCKET ENTRY TEXT

Plaintiffs' claims are severed pursuant to Fed. R. Civ. P. 21. The claims of Kalpesh Shah and Cheryl Smith are severed from the claims of Aria Dovgin. The claims of Shah and Smith shall be pursued in separate new cases opened by the Clerk of the Court. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

Notices mailed by Judicial staff.

■ [For further details see text below.]

## STATEMENT

Aria Dovgin, Kalpesh Shah, and Cheryl Smith sued McDonald's Corporation and McDonald's USA, LLC, individually and on behalf of a class of all those similarly situated, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623(a)(1). The court dismissed the class allegations and issued a rule against plaintiffs to show cause for joinder of their claims. Dkt. No. 28.

Rule 20 provides that persons may join in one action as plaintiffs if two requirements are met. Fed. R. Civ. P. 20(a). First, the asserted rights to relief must arise out of the same transaction, occurrence, or series of transactions and occurrences. Fed. R. Civ. P. 20(a)(1)(A). Second, a question of law or fact common to all plaintiffs must arise in the action. Fed. R. Civ. P. 20(a)(1)(B). The Seventh Circuit has not established a set standard for considering whether a factual situation constitutes a single transaction or occurrence for purposes of Rule 20. *Bailey v. Northern Trust Company*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (Alesia, J.). Consequently, district courts pursue a case-by-case approach in evaluating joinder in discrimination claims, considering the following: whether the alleged discriminatory acts are related, the time period during which the alleged acts occurred, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether the employees worked in the same department, whether the employees were at different locations, whether a company-wide discriminatory policy is alleged, and whether there were differing types of adverse employment actions. *McDowell v. Morgan Stanley & Co., Inc.*, 645 F.Supp.2d 690, 694 (N.D. Ill. 2009) (Norgle, J.); *Benitez v. American Standard Circuits, Inc.*, 678 F.Supp.2d 745, 768-769 (N.D. Ill. 2010) (Coar, J.). The court has broad discretion in deciding whether to sever a claim under Rule 21. Fed. R. Civ. P. 21; *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

| | Courtroom Deputy Initials: | MG |
|---|---|---|

## STATEMENT

Plaintiffs' claims do not satisfy the "common transaction or occurrence" requirement of Rule 20(a)(1)(A). Although each plaintiff worked in the same "business unit" at McDonald's USA, LLC, during roughly the same time period, the facts surrounding their claims do not overlap. Each alleges discriminatory behavior by a different manager or director. It is irrelevant that Dovgin and Smith shared a supervisor for a short period of time, as this particular supervisor is not implicated in Dovgin's claim.

Furthermore, the types of discrimination alleged by plaintiffs vary widely. Dovgin alleges discrimination based on her race (Asian), national origin (South Korean), age (over 40), and gender (female). Shah alleges discrimination based on his race (Indian/Hindu), national origin (Indian), and religion (Jain). Smith alleges discrimination based on her age (over 40), race (black), and gender (female). Plaintiffs do not share a single protected characteristic. Although each plaintiff alleges downgraded performance reviews, the alleged adverse employment actions are distinct. Dovgin alleges denial of promotions and transfers, a hostile work environment, and constructive discharge. Shah alleges denial of training opportunities and termination. Smith alleges denial of promotions, a hostile work environment, and retaliation.

Plaintiffs attempt to unify their claims by noting that the complaint "essentially allege[s] a company-wide policy of discrimination in reviewing and promoting ethnic minorities." Pl.'s Resp. at 1. Allegations of a company-wide discriminatory policy are one factor that may support joinder. *McDowell*, 645 F.Supp. at 694. However, plaintiffs' extremely broad allegation of discrimination against "ethnic minorities" does not compensate for the lack of overlap in the events giving rise to their individual claims.

*Suzanne B. Conlon*